Resolute FP US Inc. v New-Indy Catawba LLC (2022 NY Slip Op 00638)





Resolute FP US Inc. v New-Indy Catawba LLC


2022 NY Slip Op 00638


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Index No. 652961/19 Appeal No. 15194 Case No. 2021-00755 

[*1]Resolute FP US Inc., Plaintiff-Appellant,
v
New-Indy Catawba LLC, Defendant-Respondent.


Clarick Gueron Reisbaum LLP, New York (Melissa C. Holsinger of counsel), for appellant.
Morgan, Lewis & Bockius LLP, Boston, MA (Julie V. Silva Palmer of the bar of the Commonwealth of Massachusetts, admitted pro hac vic, of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about
February 17, 2021, which denied plaintiff's motion to dismiss the third and fourth
counterclaims, unanimously reversed, on the law, without costs, and the motion granted
to the extent of declaring that, except for actions specifically listed in schedule 3.6.1 of
the asset purchase agreement (APA), liabilities related to lawsuits alleging personal
injury from exposure to asbestos in connection with the "Catawba Mill Business," as that
term is defined in the APA, are assumed obligations for which defendant is obliged to
indemnify plaintiff, and dismissing the fourth counterclaim.
Under the plain language of the APA, all asbestos litigations, except those specifically listed in schedule 3.6.1 as "Retained Obligations" for which plaintiff-seller is responsible, are "Assumed Obligations" for which the defendant-purchaser is responsible. Section 1.4.6(a) of the APA, read together with the APA's defined terms, provides that defendant's assumed obligations include liabilities related to the "Catawba Mill Business" arising under "any and all Laws," including common law, that implicate danger to human health or safety arising from exposure to asbestos and asbestos-containing products. Similarly, under APA section 1.4.6(c), defendant assumes all liabilities arising out of any release of asbestos into the environment. Section 1.4.7 then provides that all liabilities listed on schedule 3.6.1 are assumed obligations of defendant unless otherwise noted on the schedule; in turn, schedule 3.6.1 includes various then-pending personal injury asbestos exposure cases with a statement next to each that it "is" or "will be" a "Retained Obligation" of plaintiff. As a result, according to section 1.4.7, all the liabilities listed on schedule 3.6.1 are assumed obligations except to the extent the schedule specified that plaintiff retained a particular liability listed.
Supreme Court erred in finding that schedule 3.6.1 created an ambiguity as to whether all asbestos litigations, including those not expressly listed on schedule 3.6.1 as "Retained Obligations," are to be considered retained obligations, since its interpretation of the language in schedule 3.6.1 is contrary to the plain language of APA sections 1.4.6(a) and (c). The APA provides that an attached schedule cannot create an obligation outside of the obligations in the body of the APA itself, and that in the event of any inconsistency between the body of the APA and the schedules (other than an exception set forth as such in the schedules), the body of the APA controls.
Defendant's filing of second amended counterclaims does not render this appeal moot. "While an appeal taken from a denial of a dismissal motion may be moot when that complaint has been superseded by an amended complaint," that scenario does not
exist here, since the new pleading did not substantively alter the existing third and fourth counterclaims[*2](Aetna Life Ins. Co. v Appalachian Asset Mgt. Corp., 110 AD3d 32, 39 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022